856 F.2d 187
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jimmy DEVOUX, Defendant-Appellant.
 No. 87-5132.
 United States Court of Appeals, Fourth Circuit.
 SUBMITTED: July 29, 1988.
DECIDED: Aug. 29, 1988.
 
 Jimmy Devoux, appellant pro se.
 N. George Metcalf (Office of the United States Attorney), for appellee.
 Before DONALD RUSSELL, K.K. HALL and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jimmy Devoux appeals the verdict of the jury finding him guilty of assaulting a federal correctional officer. 18 U.S.C. Sec. 111.[1] We affirm.
 
 
 2
 At approximately 5:00 a.m. one morning, Devoux and Gregory Boyd, another inmate, got into a fight at the Federal Correctional Institution in Petersburg, Virginia. Officer Freeman responded first to the scene and signalled for help to break up the disturbance. Several officers responded to Freeman's call for help. The officers decided to enter the cell block to detain the growingly uncooperative Devoux. As the officers entered the cell block, Devoux rushed out of the bathroom and struck officer Dollar in the face and strenuously struggled with the other officers.
 
 
 3
 Devoux raises five issues on appeal, none which have merit. These issues are addressed as follows:
 
 
 4
 (1) Devoux's challenge to an impromptu jury instruction fails because there was no objection at trial, see United States v. Bryant, 612 F.2d 799, 803 (4th Cir.1979), cert. denied, 446 U.S. 919 (1980); Fed.R.Crim.P. 30, and the instruction was favorable, not prejudicial to Devoux, thus not amounting to plain error. See Fed.R.Crim.P. 52(b).
 
 
 5
 (2) The evidence was legally sufficient to support a conviction because there is affirmative unrebutted evidence from officer Dollar that he was struck by Devoux. This testimony, alone,[2] meets Devoux's challenge and establishes Devoux's guilt.
 
 
 6
 (3) The failure of the government to produce certain Brady[3] materials is not error because the affidavits of other inmates were irrelevant to the charge and the alleged incident report is not material under United States v. Bagley, 473 U.S. 667 (1985). That is, assuming, without deciding, that officer Dollar wrote an incident report that did not indicate he had been hit by Devoux, such a report would not, on this record, create a reasonable doubt in the outcome. Id. at 682. This is because Dollar testified at trial that he was hit by Devoux and the government presented photographic evidence to corroborate that testimony. On the other hand, Devoux presented no evidence refuting Dollar's trial testimony. Under these circumstances, we find no error.
 
 
 7
 (4) Devoux's claim of ineffectiveness of counsel is premature--he should raise this claim on collateral attack with supporting evidence. See United States v. Lurz, 666 F.2d 69, 78 (4th Cir.1981), cert. denied, 459 U.S. 843 (1982).
 
 
 8
 (5) Devoux's claim of prosecutorial misconduct in closing argument is meritless on its face.
 
 
 9
 For the foregoing reasons, we affirm the judgment and conviction in this cause. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court and argument would not aid our resolution of the issues.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 18 U.S.C. Sec. 111 reads:
 Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both.
 
 
 [2]
 Devoux does not, and cannot, challenge the sufficiency of the evidence that Dollar is a federal correctional officer who was interfered with in the performance of his official duties
 
 
 [3]
 Brady v. Maryland, 373 U.S. 83 (1963)